# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. DESHOTELS,<br>BOP #77974-098<br><br>                              Plaintiff,<br><br>vs.<br><br>FERNANDO A. ARRIOLA,<br><br>                             Defendant. | Civil No.   11-1184 LAB (RBB)<br><br>**ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

Plaintiff, an inmate currently incarcerated at the Metropolitan Correctional Center, located in San Diego, California, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

1  U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is
2  granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See*
3  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176,
4  1177 (9th Cir. 1999). "Under the PLRA, all prisoners who file IFP civil actions must pay the
5  full amount of the filing fee," regardless of whether the action is ultimately dismissed for any
6  reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C.
7  § 1915(b)(1) & (2)).

8  In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also
9  submit a "certified copy of the trust fund account statement (or institutional equivalent) for the
10 prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C.
11 § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment
12 of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the
13 average monthly balance in the account for the past six months, whichever is greater, unless the
14 prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter,
15 the institution having custody of the prisoner must collect subsequent payments, assessed at 20%
16 of the preceding month's income, in any month in which the prisoner's account exceeds $10, and
17 forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.
18 § 1915(b)(2).

19 In this matter, Plaintiff has submitted a certified copy of his inmate trust account that
20 shows an average monthly deposits of $2550.00 and average daily balance of $528.66. If the
21 Court were to calculate an initial partial filing fee, it would exceed the civil filing fee that is
22 owed to commence this action. Thus, due to Plaintiff's ability to pay the filing fee, Plaintiff's
23 Motion to Proceed IFP is **DENIED**.

## II.

### CONCLUSION AND ORDER

26 For the reasons set forth above, **IT IS ORDERED** that:

27 (1) Plaintiff's Motion to Proceed IFP [ECF No. 2] is **DENIED**.

28

1      (2)     This action is **DISMISSED** without prejudice for failure to prepay the $350 filing
2 fee mandated by 28 U.S.C. § 1914(a).

3      (3)     Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to pay
4 the entire $350 filing fee. If Plaintiff fails to pay the $350 filing fee in full within 45 days, this
5 action shall remain closed without further Order of the Court.[1]

7 DATED: August 10, 2011

*Larry A. Burns*

9      **HONORABLE LARRY ALAN BURNS**
     United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action by paying the full civil filing fee required by 28 U.S.C. § 1914(a), the complaint he has already submitted will be screened and may be dismissed pursuant to 28 U.S.C. § 1915A(b); *see Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)).